UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>        Petitioner,<br><br>    v.<br><br>CALIFORNIA MENS COLONY,<br><br>        Respondent. | No. 2:22-cv-01899-EFB (HC)<br><br><br>ORDER |

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted. To proceed further, however, petitioner must file an amended petition.

      Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and will dismiss the petition with leave to amend because it violates Rule 2 of the Rules Governing § 2254 Cases.

      An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2(c), Rules Governing § 2254 Cases.

1   While under Ninth Circuit precedent, this court must liberally construe the allegations of a
2   prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the
3   court cannot grant relief based on conclusory allegations not supported by any specific facts,
4   *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir.
5   1994).  Here, petitioner's only ground for relief is unclear.  It reads as follows: "I was charged
6   with two counts of homicide November 14, 1975.  The Sonoma County change of venue San
7   Joaquin County in February of 1976.  [They] sentenced me to two counts of homicide
8   manslaughter no to two counts of murder lest P.C. 187 life."  ECF no. 1 at 3.  In the section for
9   supporting facts, petitioner references a February 16, 2022 parole suitability hearing.  *Id.*  The
10  court cannot determine from petitioner's statement the nature of his claim or the relief he seeks in
11  this action.  Thus, petitioner must file an amended petition that complies with Rule 2(c).
12  Specifically, any amended petition must make clear whether petitioner is challenging his 1975
13  conviction and sentence or his February 16, 2022 parole suitability hearing.  Petitioner must also
14  (1) specify all grounds for relief, (2) state the facts supporting each ground, (3) and state the relief
15  requested.

        Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 6) is granted.
2. The petition (ECF No. 1) is dismissed with leave to file an amended petition within 30 days of the date of this order.  Failure to so comply may result in a recommendation that this action be dismissed for the reasons stated herein.

Dated: January 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE