UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA MENS COLONY,<br><br>Respondent. | No. 2:22-cv-01899-DAD-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(Doc. No. 9) |

Petitioner William Barton is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 17, 2023, the assigned magistrate judge issued findings and recommendations recommending that this federal habeas action be dismissed due to petitioner's failure to prosecute this action and failure to obey a court order. (Doc. No. 9.) Specifically, on January 6, 2023, the magistrate judge issued an order dismissing petitioner's habeas petition with leave to amend and requiring petitioner to file an amended petition within thirty (30) days of that order. (Doc. No. 8.) Petitioner was warned that his failure to comply with that order may result

/////

1

in the dismissal of this action. (*Id.* at 2.) To date, petitioner has not filed an amended petition as directed.

Accordingly, on February 17, 2023, the magistrate judge issued the pending findings and recommendations recommending dismissal of this action due to petitioner's failure to prosecute and failure to obey a court order. (Doc. No. 9.) Those pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.)

Petitioner did not file a document purporting to be objections to the pending findings and recommendations. Rather, on March 6, 2023, petitioner filed a document captioned "Statement of the Case." (Doc. No. 11.) The court has reviewed that document, and petitioner does not assert any objections to the pending findings and recommendations therein or address their substance in any way. Instead, that document merely restates the procedural history of this action. (*Id.* at 6.) Accordingly, petitioner has not provided the court with any basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the

/////

petition to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 17, 2023 (Doc. No. 9) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 5, 2023**  

_____  
UNITED STATES DISTRICT JUDGE